UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHRYN NOR, <br><br> Plaintiff, <br><br> v. <br><br> ARKAN ALRASHID, M.D., GI PARTNERS OF ILLINOIS, LLC, and NORTHSHORE CENTER FOR GASTROENTEROLOGY, <br><br> Defendants. | Case No. 20-CV-07470 <br><br> Judge Charles P. Kocoras <br><br> Magistrate Judge Young B. Kim |

**DEFENDANT ARKAN ALRASHID'S MOTION TO COMPEL
DISCOVERY FROM PLAINTIFF KATHRYN NOR**

Defendant Arkan Alrashid ("Alrashid"), pursuant to Federal Rule of Civil Procedure ("FRCP") 37 and Local Rule 37.2, hereby moves the Court for an order compelling discovery responses and production of responsive documents from Plaintiff Kathryn Nor ("Nor").

As set forth herein and in the accompanying Memorandum in Support of this Motion ("Memorandum") filed contemporaneously herewith, the documents and information Alrashid seeks to compel are relevant to the claims and defenses and proportional to the needs of this case. In support of this Motion, Alrashid states as follows:

**I.      Introduction**

On September 30, 2021, the Court lifted the general stay of these proceedings issued because of the pending Criminal Proceeding against Alrashid. ECF 28, 29. The Court permitted fact discovery to proceed, but maintained the stay of the depositions of Nor and Alrashid and written discovery directed to either Nor or Alrashid as to the events of February 12-13, 2019. ECF 29. Therefore, fact discovery to date has focused on Nor's employment claims and damages. The

parties have pursued discovery regarding Nor's allegations that Alrashid and the corporate defendants were her "joint employers," the facts surrounding Nor's retaliation claim, in which she contends Alrashid would not allow her to return to work and denied her another job effectively ending her employment, and Nor's damages claims. The matter of joint employment is key not only to liability for the employment claims, but also to federal jurisdiction. Nor must establish the existence of a "joint" or "de facto" employment relationship in order to prevail on her employment claims under the Illinois Human Rights Act and Title VII of the Civil Rights Act. If Nor fails to do so and the Title VII claims do not survive, this impacts jurisdiction for the claims against Alrashid, all of which are state law claims.

This is but one of the issues in dispute in discovery. While Nor aggressively pursued discovery on the topic of joint employment (including issuing discovery while motions to dismiss were pending and filing multiple motions to compel) her responses to discovery have been marked with extensive delays and the withholding of relevant information without disclosing this fact. This includes discovery related to joint employment – neither her employer, Surgical Care Affiliates ("SCA") or Nor has produced any emails in the course of Nor's employment on which Alrashid is a sender or recipient, and while it appears from other discovery that Nor may have documents that would undermine her theory, these have not been produced. This is a broader pattern of not producing information that may defeat joint employment (the sole basis for federal jurisdiction) or Nor's claimed damages.

The other categories in dispute have to do with (1) Nor's damages, including a settlement with SCA of Nor's retaliation claim – based on the same allegations as her retaliation claim against Alrashid – that Nor did not disclose in any discovery response and for which she refuses to produce records, and (2) Nor's and her counsel's communications with third parties about her allegations,

2

including their communications with the potential Rule 404(b) witnesses in the Criminal Proceeding against Alrashid, among other witnesses. As with the joint employment documents, Nor has not disclosed that she withheld information, though she clearly did. On November 16, 2022, months after serving her discovery responses and without disclosing that she was withholding information, Nor produced 500 pages of text messages between Nor and the Rule 404(b) witnesses, Amanda Galster and Elizabeth McInerney, discussing Nor's allegations. All of it was responsive and none of it had been produced.

As set forth herein, the parties have conferred and reached agreement that Nor will supplement numerous discovery requests. As to those where no agreement could be reached, the information and documents are responsive and relevant and proportional to the needs of the case. Nor has not satisfied her burden of showing that the discovery should be disallowed. Therefore, the Motion should be granted as to the discovery requests set forth herein for the reasons set forth below and in the accompanying Memorandum.

**I.      Procedural History**

1.      On December 17, 2020, Nor filed her Complaint against Alrashid and GI Partners of Illinois, LLC and Northshore Center for Gastroenterology (referred to herein as the "corporate defendants"). ECF 1. Nor asserts claims related to an alleged sexual assault and harassment on February 12 and 13, 2019 by Alrashid as well as alleged retaliation by Alrashid and the Corporate Defendants after Nor made a complaint regarding Alrashid's alleged harassment. *Id*.

2.      The Complaint contains claims against Alrashid for common law assault and battery (Counts I and II), violations of the Illinois Gender Violence Act ("IGVA") (Count III), and sex discrimination/harassment and retaliation in violation of the Illinois Human Rights Act ("IHRA") (Counts IV and V). *Id*. In addition to the claims against Alrashid, the Complaint also

3

has claims against the Corporate Defendants for violations of the IGVA (Count III), IHRA (Counts IV and V), and Title VII of the Civil Rights Act (Counts VI, VII, and VIII) and for negligence (Count IX). (Nor did not bring Counts VI through IX against Alrashid). *Id.*

3. Jurisdiction is pursuant to 28 U.S.C. 1331 (federal question jurisdiction). *Id.* Nor's Title VII claims against the Corporate Defendants in Counts VI through VIII are federal law claims premised on her theory that the Corporate Defendants were her employers under a "joint employment" theory of liability. The other claims in the Complaint are state law claims. Nor asserts supplemental jurisdiction pursuant to 28 U.S.C. 1367(a) for the state law claims. *Id.*

4. Nor was employed by SCA at the time of the events and assigned to work at an SCA surgery center at which Alrashid and other physicians at GI Partners performed surgical procedures. Nor has brought her claims against both Alrashid and the Corporate Defendants under a theory that they were her *de facto* or "joint" employers.

5. With respect to her retaliation claim, Nor filed an EEOC charge of discrimination against SCA alleging that it retaliated against her in violation of Title VII and providing:

> "In September 2019, Ms. Nor, through her counsel, **told SCA** that placing her on an indefinite leave of absence was not a reasonable or lawful solution to this situation…Accordingly, Ms. Nor **requested that SCA** return her back to active employment and even identified an open and available job that she was qualified for. In response, **SCA refused** to return her to active employment and thereafter gave the identified job opening to a less qualified candidate. Plaintiff later against **requested that SCA** return her to active employment and Defendant refused." (Exhibit D, p. 2, paragraph 4).

ALRASHID 10 (quoting EEOC charge).

6. In the Complaint, Nor makes the same allegations, only this time the allegations are against Alrashid and the Corporate Defendants only with no reference to having made these requests to SCA. *Cf.* EEOC Charge with Compl. ¶¶ 72-76 (Defendants "chose to retaliate against Plaintiff who was [] not permitted to return to her job;" Defendants "rejected [Plaintiff] for

4

employment opportunities she sought at alternate locations for which she was eminently qualified;" Defendants placed Plaintiff "on an indefinite leave of absence causing irreparable harm to her career.") In fact, SCA is not ever mentioned by name or reference in the Complaint, the implication being that defendants were solely responsible for these employment actions.

7. Alrashid also is a defendant in *People of the State of Illinois v. Arkan Alrashid M.D.*, No. 2020CF001673, currently pending in the DuPage County Circuit Court ("Criminal Proceeding"). The Criminal Proceeding also involves Nor's allegations of assault. Alrashid also is a defendant in a separate civil action brought by Amanda Galster, a former GI Partners employee alleging a violation of the IGVA for alleged gender violence that occurred in 2014 while Galster was employed as an administrative employee at Northshore. The case was filed on February 4, 2021 and is currently pending in Lake County Circuit Court.

8. In light of the Criminal Proceeding, on April 1, 2021, the District Court issued a stay of the proceedings pending the outcome of the Criminal Proceeding. ECF 28. On September 30, 2021, the Court lifted the stay in part, allowing fact discovery to proceed, but stayed (i) the depositions of the Nor and Alrashid and (ii) "written discovery directed to either Nor or Defendant Alrashid as to the events of February 12-13, 2019." ECF 29. Thereafter, Alrashid and the Corporate Defendants filed motions to dismiss the respective claims against them. Nor issued separate sets of written discovery to each defendant during the motion practice and before the defendants filed answers, and aggressively pursued such written discovery. ECF 74, 82, 96, 137, 141, 150.[1]

## II. History of Discovery Communications

9. On May 3, 2022, this Court issued an order setting a discovery schedule. ECF 126. Under that schedule, Alrashid was to serve written discovery by May 10, 2022. *Id.* Nor had until

---

[1] On November 10, 2021, the undersigned counsel appeared as co-defense counsel for Alrashid.

May 31, 2022 to respond. *Id.* Alrashid served his First Set of Interrogatories and First Requests for Production of Documents directed to Nor on May 10, 2022.

10. Thereafter, Nor sought and was granted two extensions of time. ECF 126. She made her first request for more time on May 13, 2022. ECF 132. She received a one-month extension of time to June 28, 2022, which Alrashid did not oppose. ECF 134. On June 27, 2022. Nor sought a second extension in which she asked to have the deadline extended indefinitely. ECF 144. Her reason for the extension was a "serious health event" that was "ongoing" and for which she was receiving "in-patient care." *Id*. Nor reported that she was "unable at the present time to participate in the completion and finalization of her discovery" and would be "unable to do so for the immediately foreseeable future." *Id.;* ECF 147 ("Plaintiff is in the hospital and unable to assist her counsel in finalizing her answers to discovery.").

11. On July 1, 2022, the Court granted Nor's request and set a status date for August 4, 2022. ECF 154. In advance of the status hearing, Nor's counsel filed a retraction of Nor's statements that she was "in the hospital" and receiving "in-patient" care. ECF 147; 155. The Court ordered Nor to serve discovery responses by August 12, 2022. ECF 158.

12. On August 12, 2022, Nor served her written discovery responses and made an initial production of documents. The answers and responses do not comply with the requirements of the Federal Rule. They include about a dozen "general" or "boilerplate" objections each purportedly asserted in response to each interrogatory and document request, regardless of content. FRCP 33(b)(4); FRCP 34. The responses also fail to state whether any responsive material was withheld based on one or more of the objections raised. FRCP 34(b)(2)(C). Nor also asserted attorney-client privilege and work product doctrine in certain responses and, again, appeared to withhold material, without providing a privilege log. FRCP 26(5)(A)(ii).

6

13. To date, these are the operative responses. Nor has not amended or supplemented her written answers or responses at any time since serving them in accordance the duty to supplement in FRCP 26(e). Nor has produced additional documents, however.

14. On September 13, 2022, Nor made a supplemental production of documents consisting of, among other records, certain treatment provider records from a treating psychiatric nurse. These records call into question Nor's prior representations that she ever was to receive or received "in-patient" care and that she was incapacitated in June and July, 2022. Based on Nor's statements in the records, she was either terminated or resigned from her employment and had to seek new employment. She also reported going on vacation in July 2022.

15. On September 21, 2022, the parties had a telephonic discovery conference. One issue to be discussed was Nor's request for an "ESI protocol" regarding the production of text messages and emails for Nor and Alrashid. However, the parties conferred for one hour regarding Nor's issues with Alrashid's discovery and did not reach the issue of a protocol.

16. On October 7, 2022, the parties had a discovery conference with the magistrate judge. Alrashid's counsel raised Nor's request for a protocol and expressed concern that Nor may have text messages and emails she was withholding on the grounds that such information did not have to be produced absent a "protocol." Alrashid's counsel took the position that ESI was included in the definition of document both under FRCP 34 and in Alrashid's definitions set forth in the written discovery he propounded on Nor. *See* **Ex. 1 and 2**.[2] Also on this date, the Court set a briefing schedule for motions to compel, with motions by all parties due on December 9, 2022.

17. On October 24, 2022, Alrashid's counsel sent Nor's counsel addressing the issue of the ESI and other correspondence regarding certain of Plaintiff's discovery deficiencies. **Ex. 5**.

---

[2] All exhibits in support of the Motion are attached to the Memorandum filed contemporaneously with the Motion.

7

The correspondence also addressed Nor's failure in her answers and responses to state whether she was withholding responsive materials due to the protocol or for other reasons as required by FRCP 34(b)(2)(C). *Id.* On November 1, 2022, Nor's counsel responded that a supplemental production was forthcoming.

18. On November 16, 2022, Plaintiff made a supplemental document production consisting of over *500 pages* of text messages between Nor and others discussing the case and Nor's allegations against Alrashid. **Ex. 6.** The bulk of the communications were between Nor and Amanda Galster and Elizabeth McInerney, both of whom have been identified by the State as potential Rule 404(b) witnesses for the State in the Criminal Proceeding. Nor also produced a privilege log reflecting communications between her counsel and Galster's attorneys, who represent Galster in the separate civil lawsuit against Alrashid asserting a "common interest" privilege as to these communications. **Ex. 15**. Nor did not amend her written responses to reflect the discovery requests to which the documents and privilege log were applicable. However, none of Nor's written responses raised the common interest privilege as an objection.

19. On November 29, 2022, after reviewing the November 16 production, Alrashid's counsel sent Nor's counsel a letter addressing these and other issues with Nor's discovery responses, including those previously raised on October 24. **Ex. 7**. In light of the motion deadline, counsel requested that Nor advise if she had withheld information in response to any discovery request that she refused to produce by December 2, 2022 and provide any supplements by December 6, 2022.

20. On December 2, 2022, Alrashid's counsel participated in a telephone conference with Nor's counsel and counsel for the corporate defendants to discuss Nor's settlement demand communicated to counsel for the corporate defendants. The parties discussed the possibility of

8

having a settlement conference or private mediation. They also discussed the possibility of jointly seeking a postponement of the motion schedule to allow for a settlement conference.

21. The parties did not reach agreement on whether to have a settlement conference or private mediation and the terms of any such discussions. Therefore, on December 5, 2022, Alrashid's counsel contacted Nor's counsel to set a discovery conference. **Ex. 8**.

### III. Local Rule 37. 2 Compliance and Agreement as to Certain Answers and Responses

22. Pursuant to Local Rule 37.2, counsel for Alrashid and Nor conferred regarding the issues set forth in Alrashid's November 29 letter by telephone on the afternoons of December 7 and 8, 2022. Brenna Woodley and Jasmine Morton participated on behalf of Alrashid. John Madden participated on behalf of Nor.

23. Nor's counsel agreed to supplement certain of Nor's discovery responses. Specifically, counsel agreed to amend certain responses by December 30, 2022, to disclose whether Nor was withholding documents based on her objections. These responses include the following: Interrogatory 3, 14-21 (agreed only as to whether Nor had communications other than conversations), RFPs 6-8, 13-16, 21-25, 28, 30, 31, 34, 36, 40, 44 (agreed as to reason for redactions), 45-46. Counsel did not agree to produce all responsive documents by December 30, but he did agree to disclose whether documents were being withheld by that date.

24. Following the conference, all parties reached agreement to jointly seek an extension of the motion to compel deadline in order to pursue mediation. However, Alrashid's counsel included in the joint motion language that the parties agreed that the requested change to the briefing schedule "does not affect any other discovery deadlines previously agreed to by the parties or a party's duty to supplement discovery." **Ex. 9**. Nor's counsel would not agree to this language or agree that discovery would continue (aside from the suspension of motion practice) while the

9

parties prepared for mediation. *Id.*; **Ex. 10**. After the Court set a briefing schedule on December 13, 2022, counsel confirmed they would supplement Nor's discovery as agreed by December 30.

**IV.** **Matters on Which Alrashid Moves to Compel**

    **A.** **Noncompliance with Federal Rules 26, 33 and 34**

    25. As discussed in the Memorandum, Plaintiff answers and responses contain "General Objections," separate and apart from Plaintiff's response to each individual discovery request, which purport to raise dozens of boilerplate objections. Nor has not amended her responses to assert these objections in response to specific discovery requests. Therefore, she has forfeited these objections and/or the Court should find that the general objections are waived.

    26. Also, Nor has omitted responsive information and/or withheld responsive documents without disclosing that she has withheld such information or the basis for withholding it, as required by FRCP 34(b)(2)(C). Nor's lack of transparency is highly prejudicial to Alrashid. This is illustrated by her November 16 supplement production, consisting of hundreds of pages of text messages that Nor not only improperly withheld, but failed to disclose she withheld.

    27. To the extent that Plaintiff purports to assert attorney-client privilege or work product doctrine and has withheld responsive material based on such an objection without providing a privilege log or other showing that the protection is warranted, she also has forfeited the privilege. FRCP 26(5)(A)(ii). This is at issue in responses in which Nor purports to be withholding communications her counsel had with third parties on the grounds that such information is protected from disclosure by FRCP 26(b)(3) as well as other responses discussed in the Memorandum.

B. **Specific Discovery Responses in Dispute**

28. The parties reached impasse as to the following answers and responses, as to Nor either stood on her objections or otherwise would not agree to provide an amendment or supplemental response or production. Defendant accordingly moves to compel the production of the omitted information and documents pursuant FRCP 37. The responses for which Defendant moves to compel are Nor's (1) responses to RFPs 4 and 5, (2) response to RFP 9, (3) answers to Interrogatories 4 through 6, (4) response to RFP 32, (5) answers to Interrogatories 18, 19, and 21, and responses to RFPs 17, 26, and 27, and (6) responses RFPs 37, 38 and 39.

29. As discussed in the Memorandum, in each case, Nor's objections have no merit and therefore should be overruled, or she has forfeited or waived such objections. With respect to each of these requests, the information and documents sought are responsive, relevant, and proportional to the needs of the case, and Nor has not met her burden to show that the discovery should be disallowed. Therefore, Alrashid respectfully submits that the Motion should be granted as to each of the foregoing answers and responses for the reasons set for herein and in the accompanying Memorandum.

WHEREFORE, Alrashid respectfully requests that the Court enter an order (a) compelling Nor to (i) amend and supplement her answers and responses set forth herein in the manner described in the Motion and Memorandum, and (ii) produce all responsive documents withheld as ordered by this Court (or provide amended responses affirmatively stating that she does not have responsive documents in her possession, custody, or control), and (b) awarding Alrashid all other relief the Court deems just and proper.

Dated:  December 27, 2022

Respectfully submitted,

*Brenna M. Woodley*
Ronald S. Safer
Brenna M. Woodley
Noreen H. Cull
RILEY SAFER HOLMES & CANCILA LLP
70 West Madison Street, Suite 2900
Chicago, Illinois 60602
Telephone:   312.471.8700
Facsimile:    312.471.8701
rsafer@rshc-law.com
bwoodley@rshc-law.com
ncull@rshc-law.com

*Counsel for Defendant Arkan Alrashid*