## UNITED STATE DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

KATHRYN NOR,

        Plaintiff,

    v.

ARKAN ALRASHID, M.D., GI PARTNERS OF
ILLINOIS, LLC, and NORTHSHORE CENTER
FOR GASTROENTEROLOGY,

        Defendants.

Case No. 20-CV-07470

Judge Charles P. Kocoras

Magistrate Judge Young B. Kim

### DEFENDANT ARKAN ALRASHID'S MOTION FOR LEAVE
### TO FILE MEMORANDUM AND EXHIBITS 3, 11, 12, 13, AND 14 UNDER SEAL

Defendant Arkan Alrashid ("Alrashid") by and through his attorneys, seeks leave of Court

to file under seal unredacted versions of his (i) Memorandum of Law in Support of his Motion to

Compel (ECF 175) and (ii) Exhibits 3 and 11 through 14 to the Memorandum (ECF 176, 178,

179), each of which has limited redactions to information Plaintiff Kathryn Nor ("Nor") either

designated Confidential or which, though undesignated, contain financial, health, or other

potentially sensitive information concerning Nor. In support of this Motion, Alrashid states as

follows:

1.      On December 13, 2022, this Court set a briefing schedule for motions to compel.

ECF 169. On December 27, 2022, Alrashid filed his Motion to Compel discovery from Nor

pursuant to that schedule. ECF 173. The Motion was accompanied by publicly filed redacted

versions of the Memorandum and Exhibits. ECF 175-179.

2.      The Memorandum refers to Exhibits that have been marked "Confidential" by Nor

pursuant to the Confidentiality Order (ECF 112) or which contain personal, financial, or medical

information about Nor, even if not designated as Confidential under the Confidentiality Order. These include Exhibits 3, 11, 12, 13, and 14.

3.      Alrashid accordingly seeks permission to file the unredacted Memorandum and unredacted Exhibits 3, 11, 12, 13, and 14 under seal. The exhibits consist of the following information. The redacted material in the Memorandum refers to the material in these exhibits or other documents Nor designated Confidential.

- Exhibit 3: Nor's Answers to Interrogatories. Nor did not designate any answers as Confidential. However, certain answers contained financial information, and in two instances, information about Nor's emotional distress treatment. Alrashid's counsel accordingly redacted those portions of the answers that would potentially disclose financial or medical information.

- Exhibit 11:  Correspondence from M. Miller (a psychotherapist) to Nor's employer, Surgical Care Affiliates ("SCA") (SCA643-44, NOR937). These documents contain health information and were designated Confidential by SCA and Nor.

- Exhibit 12: Financial documents reflecting payments to Nor (NOR957-960). These documents contain financial information and were designated Confidential by Nor.

- Exhibit 13: Communications from Nor's counsel to SCA and SCA's counsel (NOR705-707, 710). These documents contain Nor's email address. (Note: There also is redacted material in the original NOR706 redacted by Nor's counsel, and which will appear in the sealed version of the document. In other words, the document was produced with these redactions, which were not made by Alrashid's counsel.)

- Exhibit 14: Communications from a third party with SCA (NOR737-38, 767-68). NOR737-38 were designated Confidential by Nor. NOR737 and NOR767 also were redacted by Nor's counsel, though not designated.[1]

4.      Regarding Exhibits 3 and 11-14, as to which Alrashid does seek permission to seal, sealing is warranted. The Seventh Circuit Court of Appeals has held that there is a general presumption that records should be public, but that presumption "can be overridden" by "the property and privacy interests of the litigants … if the latter interests predominate in the particular case" such that "there is good cause for sealing a part or the whole of the record." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). In this case, the information is the appropriate subject of a motion to seal. *See, e.g.*, *Wachala v. Astellas US LLC*, 2022 WL 408108, at *3 (N.D. Ill. Feb. 10, 2022) (granting motion to seal financial information); *Frerck v. John Wiley & Sons, Inc.*, 2012 WL 2127420, at *2 (N.D. Ill. June 12, 2012) (confidentiality designation appropriate for "financial information," defined as "non-public information [that the producing parties] have taken reasonable steps to keep secret"). In addition to financial information, the information Alrashid seeks to seal contains Nor's health information and other material she, or her former employer, designated as Confidential.

5.      Under Local Rule 26.2(c), any party wishing to file a document or a portion of a document electronically under seal in connection with a motion, brief, or other submission must:

---

[1] Exhibits 8 through 10 also have redactions. These exhibits consist of emails between counsel of record discussing discovery conferrals relevant to Alrashid's Motion to Compel. The emails, however, also contain summaries of settlement discussions between all parties. Those portions of the emails containing content regarding settlement discussions were redacted. These redactions were made because the parties agreed that the settlement discussions were confidential. Alrashid does not seek to file this information under seal at this time and will leave Exhibits 8 through 10 in redacted form in the public record, since the redacted sections do not pertain to the Motion to Compel. However, he has no objection to the emails in Exhibits 8 through 10 being filed in unredacted form in the record, should the other parties request that.

(1) provisionally file the document electronically under seal; (2) file electronically at the same time a public-record version of the brief, motion, or other submission with only the sealed document excluded; and (3) move the court for leave to file the document under seal. The sealing motion must be filed before or simultaneously with the provisional filing of the document under seal, and (typically) must be noticed for presentment promptly thereafter.[2]

6.     Alrashid filed redacted versions of the Memorandum (ECF 173) and Exhibits (ECF 174-179) in the public record. L.R. 26.2. He also has provisionally filed the unredacted Memorandum and Exhibits 3, 11, 12, 13, and 14 under seal. *Id.* Accordingly, pursuant to Local Rule 26.2, Alrashid now seeks permission to file the unredacted Memorandum and unredacted Exhibits under seal.

7.     Alrashid's counsel has advised Nor's counsel of this Motion and the request for leave to file under seal and asked if there is any information in the redactions that Nor does not agree to seal. Counsel has advised that Alrashid can proceed with this motion to file the redacted information under seal and that Nor reserves the right to object to the filing of any of the sealed information in the future.

WHEREFORE, Alrashid respectfully requests that this Court grant him permission to file unredacted versions of the Memorandum and Exhibits 3, 11, 12, 13 and 14 under seal.

Dated: December 28, 2022                    Respectfully Submitted,


                                            /s/     *Brenna M. Woodley*
                                            Ronald S. Safer
                                            Brenna M. Woodley
                                            RILEY SAFER HOLMES & CANCILA LLP
                                            Three First National Plaza

---

[2] Alrashid will not notice this motion for presentment, however, consistent with N.D. Ill. Third Amended General Order 21-0027 (Apr. 6, 2022), by which the Court suspended Local Rule 5.3(b), "which otherwise requires that all motions be noticed for presentment."

70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
Tel.: 312-471-8700
Fax: 312-471-8701
rsafer@rshc-law.com
bwoodley@rshc-law.com

*Attorneys for Defendant Arkan Alrashid*