UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHRYN NOR,<br><br>    Plaintiff,<br><br>v.<br><br>ARKAN ALRASHID, M.D., GI PARTNERS OF ILLINOIS, LLC, and NORTHSHORE CENTER FOR GASTROENTEROLOGY,<br><br>    Defendants. | Case No. 1:20-CV-07470<br><br>Judge Charles P. Kocoras<br><br>Magistrate Judge Young B. Kim |

**DEFENDANT ARKAN ALRASHID'S STATUS REPORT TO COURT
PURSUANT TO THE COURT'S MARCH 15, 2023 ORDER (ECF 210)**

Defendant Arkan Alrashid ("Defendant"), by and through his undersigned counsel, respectfully submits the following Status Report pursuant to the Court's March 15, 2023 Order (ECF 210).

**I.    Criminal Case.**

    **A.    Prior Proceedings in Criminal Case.**

The following is a list of prior proceedings in *People of the State of Illinois v. Arkan Alrashid M.D.*, No. 2020CF001673, currently pending in the DuPage County Circuit Court (the "Criminal Case") in date order.

- November 4, 2020. Appearances filed, arraignment, not guilty pleas, discovery order by Court.

- December 8, 2020. Defendant files Motion for Discovery containing a request for Bill of Particulars. The case is continued to January 28, 2021.

- January 28, 2021. Status hearing and pretrial conference. The case is continued to March 12, 2021 for status on subpoena *duces tecum* issued by Defendant.

1

- <u>March 12, 2021</u>. Status hearing. Discovery tendered.

- <u>April 1, 2021</u>. Subpoena *duces tecum* issued by Defendant to New Cingular Wireless (AT&T), Sprint Spectrum LP, and U.S. Cellular requesting cell phone records for Kathryn Nor, Amanda Galster, and Elizabeth McInerney. In addition, Defendant also issued a subpoena to Surgical Care Affiliates ("SCA") requesting Kathryn Nor's employment records.

- <u>April 15, 2021</u>. The State filed People's Motion to Quash Defendant's Subpoenas *Duces Tecum* to United States Cellular, Sprint Spectrum LP, and New Cingular Wireless PCS, LLC. Counsel for Kathryn Nor filed Victim's Motion to Quash Subpoena.

- <u>April 16, 2021</u>. Surgical Care Affiliates filed a Motion to Quash Subpoena.

- <u>April 22, 2021</u>. Hearing. Counsel for Kathryn Nor, Surgical Care Affiliates, the State, and Defense appear before the Honorable Margaret O'Connell regarding the defense subpoenas and the Motions to Quash. The Court set a briefing schedule for the Defense's Response Brief and Reply Briefs by the State, Kathryn Nor, and Surgical Care Affiliates. Case continued.

- <u>May 21, 2021</u>. Motion to quash presented. Defense to file response. Defense filed motion for additional discovery. The case is continued until July 14, 2021.

- <u>July 14, 2021</u>. Status. The case is continued for hearing on defense subpoenas *duces tecum*. Status hearing on August 16, 2021 and motion hearing on August 26, 2021.

- <u>August 16, 2021</u>. Status hearing on briefing of motion to quash subpoenas.

- <u>August 26, 2021</u>. Hearing on motion to quash subpoenas. The Court quashes subpoena to Surgical Care Affiliates in part and orders Surgical Care Affiliates to respond to subpoena in part. The Court orders that the defense may issue an amended subpoena *duces tecum* to cell phone service provider for Ms. Nor's phone records.

- <u>October 12, 2021</u>. Defendant filed Motion for Bill of Particulars, requesting the Court enter an order upon the State's Attorneys' Office to furnish the defense with a Bill of Particulars regarding each count of the Indictment.

- <u>October 13, 2021</u>. Status conference on issuance of re-issued subpoenas consistent with the Court Order. The case is continued to October 19, 2021.

- <u>October 19, 2021</u>. Discovery conference. The Court denies Surgical Care Affiliate's renewed Motion to Quash and/or motion for relief from Court's August 26, 2021 Order. Surgical Care Affiliates must comply with the Court's August 26, 2021 Order. The case is continued to December 20, 2021 for a hearing on Defendant's Motion for a Bill of Particulars.

2

- <u>December 20, 2021</u>. Motion for continuance by the State granted.

- <u>February 3, 2022</u>. The State files objection to Motion for Bill of Particulars.

- <u>February 7, 2022</u>. Hearing with argument on Defendant's Motion for Bill of Particulars. After argument, the Court ordered the State to inquire of Ms. Nor regarding her recollection of the location of the events and to provide her response in writing to the defense. Surgical Care Affiliate's Motion to Quash is denied. The Court grants defense leave to re-issue subpoenas *duces tecum* to cell phone providers in accordance with Court's rulings.

- <u>March 14, 2022</u>. Status conference. The case is continued to March 23, 2022.

- <u>March 17, 2022</u>. At the direction of the Court's Order, Oak Brook Police Department Detective reinterviewed Kathryn Nor. The interview was conducted to determinate the approximate location of Nor's claims.

- <u>March 23, 2022</u>. Status conference. The case is continued to May 5, 2022, for status on Motion for Bill of Particulars and the State's objection.

- <u>April 15, 2022</u>. The Court tendered to the State and defense documents from cell phone service provider in response to defense subpoena *duces tecum*.

- <u>May 5, 2022</u>. Status conference. The case is continued to June 21, 2022.

- <u>June 21, 2022</u>. Status conference. The case is continued to July 14, 2022.

- <u>July 14, 2022</u>. The Court grants the defense request to file an Amended or Supplemental Motion for Bill of Particulars. The case is continued to August 26, 2022.

- <u>August 25, 2022</u>. Defendant files Supplemental Motion for Bill of Particulars and Request for Evidentiary Hearing. Court orders that the State file response to Defendant's request for Evidentiary Hearing. The case is continued to October 4, 2022.

- <u>October 4, 2022</u>. The State filed a response to Defendant's Supplemental Motion for Bill of Particulars. The case is continued to December 20, 2022.

- <u>December 14, 2022</u>. Defendant filed Reply to the State's Response to Defendant's Supplemental Motion for Bill of Particulars and Request for Evidentiary Hearing. Defendant filed Motion to Dismiss Counts One, Two, Three, Five and Six of the Indictment based upon improper venue.

- <u>December 20, 2022</u>. The Court grants Defendant's request for an evidentiary hearing and orders the State to file answer to Supplemental Motion for Bill of Particulars. The Court acknowledges receipt of Defendant's Motion to Dismiss and holds that motion in abeyance until resolution of Motion for Bill of Particulars and evidentiary hearing.

- <u>February 7, 2023</u>. Hearing. The State requests additional time for filing response to Supplemental Motion for Bill of Particulars. Criminal case assigned to a new prosecutor. Case continued to March 1, 2023 for filing of State's response and setting of evidentiary hearing.

- <u>February 28, 2023</u>. The State files surresponse to defendant's Motion for Bill of Particulars.

- <u>March 1, 2023</u>. Hearing. The Court clarifies previous order that the State is to file a Bill of Particulars. The case is continued to April 19, 2023 for the State to file a Bill of Particulars.

**B.**     **Current Status of Criminal Case and Scheduled Future Proceedings.**

The current status of the criminal case is that the next hearing is set for April 19, 2023. The State must file a Bill of Particulars on or before April 19, 2023. The DuPage County Court previously granted Defendant's request in his Motion for a Bill of Particulars for an evidentiary hearing, which has not been scheduled yet. Defendant's Motion to Dismiss Counts One, Two, Three, Five, and Six of the Indictment is pending. There are no scheduled proceedings after the April 19, 2023 hearing at this time. Discovery issues remain outstanding and, based on earlier representations, additional pretrial motions are expected. No trial date has been set.

**II.**     **Civil Case.**

**A.**     **Third-Party Discovery.**

- <u>BrightStar Subpoena</u>. On March 17, 2023, Defendant issued a subpoena *duces tecum* to Plaintiff's former employer, BrightStar Franchising LLC. On March 20, 2023, Plaintiff's counsel sought withdrawal of the subpoena. On March 22, 2023, the parties conferred. No agreement was reached, and Plaintiff's counsel stated that she would move to quash the subpoena. On March 23, 2023, Defendant's counsel notified BrightStar by letter of the anticipated motion to quash and advised BrightStar that it should refrain from sending any

4

documents/responding to the subpoena until it received notice from counsel of the outcome of the motion to quash. On March 24, 2023, Plaintiff moved to quash the subpoena. ECF 213. Defendant's response is due on April 7, 2023. ECF 214.

- Plaintiff's Medical Records. The Court's January 17, 2023 order ruling on Defendant's Motion to Compel required Plaintiff to sign authorizations for the release of her medical records directly to Defendant's counsel. ECF 196. After reviewing Plaintiff's supplemental discovery produced on February 3, 2023, on February 28, 2023, Defendant's counsel sent Plaintiff's counsel authorizations and asked Plaintiff's counsel to confer regarding an objection raised by Plaintiff for the first time in her supplemental answer to Interrogatory No. 5 (asking about emotional distress damages and calling for medical records). Plaintiff objected that the interrogatory improperly sought information as to the events of February 12 and 13, 2019 in violation of the stay order. On March 9, 2023, the parties conferred about this issue and Plaintiff's other objections to signing the medial authorizations. Defendant's counsel has agreed to send Plaintiff's counsel revised authorizations for review. The parties will advise the Court if they are unable to reach an agreement on the language of the authorizations.

**B.     Depositions.** On February 10, 2023, Plaintiff issued notices for 10 depositions of current and former employees of GI Partners and/or Northshore with all depositions noticed for dates in April 2023. At the time, the Court already had issued an order stating that the Court would "issue a schedule for completing all depositions other than Plaintiff's and Dr. Alrashid's." ECF 195. Defendant's counsel will ask the other parties to confer regarding mutually agreeable dates

5

for these depositions and a schedule that includes depositions to be taken by Defendant and the Corporate Defendants as well.

Dated: March 29, 2022

Respectfully Submitted,

/s/ Brenna M. Woodley

Ronald S. Safer
Brenna Woodley
Noreen Cull
Riley Safer Holmes & Cancila LLP
Three First National Plaza
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
Tel.: 312-471-8700
Fax: 312-471-8701
rsafer@rshc-law.com
bwoodley@rshc-law.com
ncull@rshc-law.com

*Attorneys for Defendant Arkan Alrashid*