UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATHRYN NOR, | ) | |
| | ) | No. 20 CV 7470 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| ARKAN ALRASHID, M.D., GI PARTNERS of ILLINOIS, LLC, an Illinois Limited Liability Company, and NORTHSHORE CENTER for GASTROENTEROLOGY, S.C., an Illinois Corporation, | ) ) ) ) ) ) ) | |
| | ) | April 4, 2023 |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff Kathryn Nor brings this action against Defendants Dr. Arkan Alrashid ("Alrashid"), GI Partners of Illinois, LLC ("GI Partners"), and Northshore Center for Gastroenterology ("Northshore"). Before the court is the issue of whether an exhibit Plaintiff filed under seal with leave, (R. 185-1, Ex. E ("Exhibit E")), should remain under seal. For the following reasons, the court orders that Exhibit E be unsealed:

**Background**

In October 2022 the court ordered the parties to complete discovery and file any motions to compel by December 9, 2022. (R. 166.) After an extension, Plaintiff and Alrashid filed their respective motions to compel by late December 2022. (R. 172, Pl.'s Mot.; R. 173, Def.'s Mot.) Plaintiff moved the court to order Alrashid to answer Plaintiff's Interrogatory ("INT") No. 16, which seeks the name and contact

information of Alrashid's former coworker and patient who had publicly accused Alrashid of sexual assault and misconduct in 2000. Plaintiff attached Exhibit E in support of her motion and moved the court for leave to file it under seal because Defendants marked the documents included therein as confidential. The court granted Plaintiff leave to file Exhibit E under seal. (R. 186.)

Exhibit E consists of three different sets of documents: (1) ALRASHID_0000000002; (2) NOR00546-00548; and (3) GIP000155. (R. 185-1.) The first document—ALRASHID_0000000002—is a one-page excerpt from Alrashid's response to a charge of discrimination Plaintiff filed with the Illinois Department of Human Rights in 2020. (Id. Ex. E at 4.) Alrashid concedes that this document is not confidential and should be unsealed. (R. 197, Alrashid's Br. at 5.) The other two sets of documents—NOR00546-NOR0548 and GIP000155—are excerpts from the Health Care Professional Credentialing and Business Data Gathering Form (the "Form") Alrashid completed in 2010 and 2016. (R. 185-1 at 2-4, 6.) The Health Care Professional Credentials Data Collection Act (the "Data Collection Act") requires every health care professional ("HCP") to complete and submit the Form to hospitals or other healthcare entities seeking to credential the HCP. *See* 410 ILCS 517/15.

Documents marked as NOR00546-NOR00548, titled "FORM A – ADVERSE AND OTHER ACTIONS," include Alrashid's narrative answer to the question, "[h]as your license to practice in any jurisdiction ever been denied, restricted, limited, suspended, revoked, canceled and/or subject to probation either voluntarily

2

or involuntarily, or has your application for a license ever been withdrawn?" (R. 185-1 at 3-4, 6.) Alrashid submitted these pages to his former employer, Surgical Care Affiliate ("SCA"), in 2010. (R. 197, Alrashid's Br. at 2.) The Data Collection Act required Alrashid to disclose his professional history to SCA. *See* Ill. Dep't of Pub. Health, Health Care Pro. Credentialing & Bus. Data Gathering Form 19-21, ("IDPH Form"). Alrashid submitted GIP000115, titled "FORM D – CRIMINAL ACTIONS," (R. 185, Ex. E at 2), to GI Partners in 2016 as part of his credentialing process, (R. 197, Alrashid's Br. at 2).

In January 2023 this court granted Plaintiff's motion to compel and ordered Alrashid to disclose the identity of his former colleague who filed a sexual harassment charge against him in 2000. (R. 194.) The court also ordered Alrashid to submit a brief explaining why Exhibit E must remain under seal. (Id.)

**Analysis**

Because Alrashid does not dispute that the first document, ALRASHID_0000000002, should be unsealed, (R. 197, Alrashid's Br. at 5-7), the court considers only whether the second and third sets of documents—NOR00546-00548 and GIP000155—should remain under seal. Alrashid argues that they should remain sealed because they are non-public materials that are only accessible by those credentialing HCPs. (Id.) Alrashid further states that Plaintiff "should not be permitted to circumvent SCA's confidentiality designation and policies if, in fact, she gained access to the document in the course of her work at SCA." (Id.) Alrashid does not provide legal bases for either argument. (See id. at 7-8.)

3

Federal courts recognize a general common law right of public access to court records and proceedings. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). As such, motions to seal parts of the record should be granted "only if there is good cause" for doing so. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). "Secrecy persists only if the court does not use the information to reach a decision on the merits." *Matter of Krynicki*, 983 F.2d 74, 75-76 (7th Cir. 1992). Generally, those documents that "influence or underpin [a] judicial decision" should be unsealed. *Baxter Int'l Inc. v. Abbott Labs.*, 297 F.3d 544, 545-46 (7th Cir. 2002) (citing *Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893 (7th Cir. 1994); *In re Cont'l Ill. Secs. Litig.*, 732 F.2d 1302 (7th Cir. 1984)).

But the right of public access to court records is not absolute, and courts have discretion to deny access where appropriate. *Nixon*, 435 U.S. at 589-99; *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002) (citations omitted) ("The interest in secrecy is weighed against the competing interests case by case."). The Seventh Circuit has identified three categories of information that are "entitled to be kept secret": (1) trade secrets; (2) information covered by a recognized privilege (*e.g.*, attorney-client privilege); and (3) information required by statute to be maintained in confidence (*e.g.*, "the name of a minor victim of a sexual assault"). *Baxter*, 297 F.3d at 546-47 (citations omitted). "The party seeking to seal items has the burden of showing cause and must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *E.E.O.C. v. Abbott Labs.*, No. 10 CV 833, 2012 WL 2884882, at *1 (E.D. Wis. July 12, 2012).

4

Without such factual and legal support, a court may deny a motion to seal. *Strasser v. City of Milwaukee*, No. 14-CV-1456, 2017 WL 10544079, at *1 (E.D. Wis. Feb. 25, 2017). If the material in question falls into one of these categories, and if the movant shows good cause to seal, then the court weighs two competing interests: the moving party's interest in privacy and the public's in transparency. *See Goesel v. Boley Intern. (H.K.) Ltd.,* 738 F.3d 831, 833 (7th Cir. 2013).

### A.    Influence on Judicial Decision

Exhibit E "influence[d] or underpin[ned]" this court's decision to compel discovery of Alrashid's former coworker's identity, as it provided the context necessary to understand Plaintiff's argument in favor of her Interrogatory No. 16. *See Baxter*, 297 F.3d at 545-46. Viewing Exhibit E in its entirety not only shows that someone other than Plaintiff accused Alrashid of sexual assault, but it also evidences Alrashid's response to such accusation. As Plaintiff correctly pointed out in her motion to compel, Exhibit E demonstrates that Alrashid denied all aspects of the other woman's accusations and severely disparaged her character and mental stability, but then later admitted to certain aspects of the accusation.[1]

These documents supported Plaintiff's motion to compel Alrashid to provide the name and contact information of the other woman who reported him for sexual assault and misconduct, which resulted in "a disciplinary proceeding and suspension of [Alrashid's] medical license for a full year." (R. 172, Pl.'s Mot. at 6.) Although the court did not cite to Exhibit E—because it was under seal at the

---

[1] To properly preserve Alrashid's right to object to this court's ruling on this issue, the court describes the information Exhibit E reflects only in general terms.

5

time—when granting the motion to compel, the court was nonetheless heavily influenced by it when deciding to allow Plaintiff to explore this other accusation further by learning the identity of the other female accuser. Now, having considered the issue more fully, and for the additional reasons explained below, the court finds that Documents NOR00546-00548 and GIP000155 in Exhibit E should no longer remain sealed. These pages are relevant to supporting Plaintiff's theory of her case and to attacking Alrashid's credibility.

**B.    Exceptions**

The exceptions the Seventh Circuit noted in *Baxter* do not apply here. The non-public pages of Exhibit E do not reflect trade secrets, privileged information, or information required by statute to be kept confidential. First, Alrashid rightfully does not argue NOR00546-00548 and GIP000155 reflect any trade secrets or privileged information. Both documents are excerpts from Forms that Alrashid submitted to health care entities in Illinois as required under the Data Collection Act. (R. 172, Pl.'s Mot. Ex. E.) Illinois courts have held the Data Collection Act does not create a blanket privilege that would protect the Forms from production in this context. *See First Midwest Bank v. Rush Univ. Med. Ctr.*, No. 18 CV 2382, 2018 WL 11198057, at *2 (N.D. Ill. 2018) (citing *Klaine v. S. Ill. Hosp. Servs.*, 15 N.E.3d 525, 532-33 (Ill. App. Ct. 2014) *aff'd*, 2016 IL 118217, ¶ 20, 47 N.E.3d 966 (Ill. 2016)).

That said, a question remains whether NOR00546-00548 and GIP000155 are required to be kept confidential from the public under the Data Collection Act.

6

*See Baxter*, 297 F.3d at 546-47 (citations omitted). While the court in *Klaine* held that the Data Collection Act did not create a blanket privilege for the Forms, it did not address whether the Act requires discoverable credentials data to remain secret from the public. *Klaine,* 47 N.E. at 970. Alrashid argues that GI Partners and SCI "designated the credentialing information as Confidential and took steps to maintain the confidentiality of such information in their possession." (R. 197, Alrashid's Br. at 7.) But merely arguing that the relevant pages should remain under seal because they have been maintained as confidential is insufficient under the circumstances of this case. And even if Alrashid had cited to the Data Collection Act as a basis for keeping Exhibit E under seal, the argument would fail. The Data Collection Act deems the information in these Forms to be confidential and directs healthcare entities not to disclose it, except under certain situations. *See* 410 ILCS 517/15(h). But this confidentiality requirement is inapplicable in this context because these records have entered the judicial record. *See Baxter*, 297 F.3d at 545 ("Secrecy is fine at the discovery stage, before the material enters the judicial record.") Furthermore, the confidentiality protection the Data Collection Act affords is not at par with the protection the *Baxter* court requires before sealing information the court has considered. *See* 705 ILCS 405/1-8 (Confidentiality and Accessibility of Juvenile Records); 725 ILCS 190/3 ("Confidentiality of Law Enforcement and Court Records); 735 ILCS 5/8-802.1 (Confidentiality of Statements Made to Rape Crisis Personnel).

**Conclusion**

7

For the foregoing reasons, the court unseals Exhibit E. This ruling does not bar Alrashid from moving to exclude this exhibit as evidence at trial.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**

8